666 A.2d 327

**Peter F. SCHENCK and Elizabeth K. Ainslie**

**v.**

**K.E. DAVID, LTD., and Kenneth David, Appellants,**

**v.**

**AINSLIE & SCHENCK.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1995.

Filed Oct. 17, 1995.

Mark F. Himsworth, Lansdale, for appellants.

Elizabeth K. Ainslie, Philadelphia, for appellees.

Before CIRILLO, TAMILIA and HOFFMAN, JJ.

TAMILIA, Judge:

Kenneth E. David (hereinafter "David") and K.E. David, Ltd. (together, "appellants"), appeal from the August 9, 1994 entry of judgment following a nonjury verdict in favor of appellees [1] in the amount of $32,000 plus interest.

Between 1987 and 1989, appellee Schenck represented appellants in a federal criminal antitrust trial, at which appellants were acquitted of all charges. Subsequently, Schenck represented appellants in civil antitrust proceedings brought by various parties, one of which was the Commonwealth of Pennsylvania. The Commonwealth sought in excess of $225,000 in damages, but Schenck was able to negotiate a settlement agreement whereby appellants were obligated to pay only $82,000 to the Commonwealth. The settlement included an agreement by the Commonwealth that it would attempt to collect $32,000 of the settlement amount from another settling defendant, James Desmond, who was David's debtor in that amount. Appellants then paid $40,000 to the Commonwealth and their insurance company paid another $10,000, leaving only the $32,000 outstanding that the Commonwealth attempted to collect from Desmond. However, Desmond died and his company became insolvent. Thereafter, the Commonwealth

---

1. Appellees were partners in the law firm of Ainslie & Schenck at all times relevant to this appeal.

notified Schenck that appellants were responsible for the debt. Without notifying appellants, Schenck advanced the $32,000, out of law firm funds, to the Commonwealth. Appellants then refused to repay appellees and this litigation ensued.

Appellants responded to appellees' complaint by counter-claiming on the basis that Schenck had committed legal mal-practice by failing to explain that the $32,000 debt would become appellants' responsibility if the Commonwealth was unable to collect from Desmond. In November, 1993, appel-lees' suit proceeded to a nonjury trial. At the same time, appellants' legal malpractice counterclaim was tried before a jury. The jury was asked in the form of a verdict sheet whether "Schenck failed to properly explain the effect of the agreement". The jury's answer was "no". Following the jury's rejection of appellant's counterclaim, the trial court entered a verdict in favor of appellees for $32,000 plus interest on the basis that appellants had been unjustly enriched.

On appeal, appellants claim that the trial court erred as a matter of law in applying the doctrine of unjust enrichment to the facts of this case.

"Unjust enrichment" is essentially an equitable doc-trine. *Styer v. Hugo,* 422 Pa.Super. 262, 619 A.2d 347 (1993). We have described the elements of unjust enrichment as "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without pay-ment of value." *Wolf v. Wolf,* 356 Pa.Super. 365, 514 A.2d 901 (1986), overruled on other grounds, *Van Buskirk v. Van Buskirk,* 527 Pa. 218, 590 A.2d 4 (1991); *see also Burgetts-town–Smith v. Langeloth,* 403 Pa.Super. 84, 588 A.2d 43 (1991). The application of the doctrine depends on the partic-ular factual circumstances of the case at issue. In determin-ing if the doctrine applies, our focus is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched. *State Farm Mut. Auto. Ins. Co. v. Jim Bowe & Sons, Inc.,* 372 Pa.Super. 186, 190, 539 A.2d 391, 393

(1988), *citing Myers–Macomber Engineers v. M.L.W. Construction Corp. & HNC Mortgage and Realty Investors,* 271 Pa.Super. 484, 414 A.2d 357 (1979).

The most important factor to be considered in applying the doctrine is whether the enrichment of the defendant is *unjust. Styer, supra* at 267, 619 A.2d at 350; *State Farm Mut. Auto. Ins. Co., supra.* Where unjust enrichment is found, the law implies a contract, referred to as either a *quasi contract* or a contract implied in law, which requires that the defendant pay to plaintiff the value of the benefit conferred. In short, the defendant makes restitution to the plaintiff in *quantum meruit. Chesney v. Stevens,* 435 Pa.Super. 71, 644 A.2d 1240 (1994); *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 290, 291, 259 A.2d 443, 449 (1969).

Instantly, appellants stipulated at trial that they were indebted to the Commonwealth and that Schenck paid the Commonwealth $32,000 on their behalf to satisfy a part of the debt. Supp.R. 3A. Thus, appellees clearly conferred a benefit on appellants and appellants appreciated the benefit. *Wolf, Burgettstown–Smith, supra.*

We find that the enrichment of appellants was unjust. *Chesney, Schott, supra.* The record reveals that appellants were charged with serious federal crimes and that Schenck's efforts resulted in an acquittal on all counts. Similarly, Schenck's efforts in the subsequent civil suit resulted in what must be considered a highly favorable settlement. The evidence presented at trial also indicates that Schenck paid the debt of appellants with the reasonable expectation that he would be reimbursed and with the belief that he had the implied authority to pay the debt on appellants' behalf. Thus, contrary to appellants' claim, Schenck was not an "officious intermeddler", "who voluntarily interfere[d] with another's business." (Appellants' brief at 12.) Finally, the jury determined that Schenck acted with appropriate skill and care in explaining the settlement agreement with the Commonwealth to David, and that David assumed the debt knowingly and intelligently.

Based on these facts, we find that it would be unconsciona-
ble and unjust to allow appellants to retain the benefit of
appellees' payment to the Commonwealth. We therefore af-
firm the August 9, 1994 judgment in favor of appellees in the
amount of $32,000 plus interest.

Judgment affirmed.