In re **FORMAN ENTERPRISES, INC., Debtor.**

**The Official Committee of Unsecured Creditors, Plaintiff,**

v.

**Sam Forman, Lawrence Ashinoff, Brett Forman, Richard Forman, and Wendy Forman, Defendants.**

**Bankruptcy No. 00–20523–BM.**
**Adversary No. 00–2683–BM.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 31, 2002.

James L. Weisman, Pittsburgh, PA, for Defendants.

Ralph F. Finizio, Pittsburgh, PA, for Carlota M. Böhm, Chapter 7 Trustee.

### Defendants' Motion to Dismiss

BERNARD MARKOVITZ, Bankruptcy Judge.

### *MEMORANDUM OPINION*

Defendants in this adversary action have brought a motion to dismiss the complaint in its entirety. They maintain that plaintiff is not entitled to relief under any of the causes of action asserted in the various counts of the complaint.

Plaintiff opposes the motion and insists that it may be entitled to relief under each of various causes of action asserted in the complaint.

Defendants' motion will be denied in its entirety for reasons set forth in this memorandum opinion.

## — I —
### FACTS

Debtor, a subchapter S corporation for federal income tax purposes, was incorporated in October of 1995.

Defendants were shareholders and directors of debtor at times relevant to this adversary proceeding.

As a subchapter S corporation, debtor was not itself responsible for paying taxes based on its income. Responsibility for payment of taxes based on debtor's income and benefits arising from any net operating loss (hereinafter "NOL") sustained by debtor were passed through to debtor's shareholders, who were taxed as if they were members of a partnership comprised of debtor's shareholders.

Debtor filed a voluntary chapter 11 petition on January 26, 2000. An official committee of unsecured creditors (hereinafter "committee") was created and constituted soon thereafter. An order of court subsequently issued authorizing the committee to investigate and to bring actions in this case on behalf of debtor's bankruptcy estate.

The committee ultimately commenced the above adversary action against defendants by filing a complaint on December 21, 2000.

The complaint generally alleges that debtor had taxable income in each year from 1995 through 1998 for which defendants were liable as its shareholders. To enable them to pay their own income taxes, defendants acted in their capacity as directors of debtor and caused debtor to pay them as its shareholders amounts in excess of $5,100,000 during these years.

Debtor incurred an NOL in 1999 in the approximate amount of $16,700,000. Its 1999 tax return was not filed until September of 2000, after debtor had filed its bankruptcy petition. As its shareholders and directors, defendants availed themselves of the opportunity to carry back debtor's NOL and to recoup all of the income taxes they had paid in the preceding three years. Defendants intend to retain these tax refunds for themselves instead of making them available for debtor's creditors.

The complaint consists of five counts. Count I is for unjust enrichment. Count II seeks to impose a resulting trust upon the above tax refunds defendants will receive. Count III seeks, in accordance with 11 U.S.C. § 549(a), to avoid as a post-petition transfer debtor's determination not to waive loss carrybacks for its NOL instead of carrying the NOL forward and applying it to debtor's future income. Count V[1] seeks in accordance with 11 U.S.C. § 550(a) to recover the value of the avoided transfer—i.e., the full amount of the tax refunds to which defendants are entitled by reason of applying debtor's 1999 NOL to previous tax years. Count VI is for breach of fiduciary duty.

On February 21, 2001, defendants brought a Rule 12(b)(6) motion to dismiss the complaint in this adversary action for failure to state a claim upon which relief can be granted.

While defendants' motion was pending, debtor's case was converted to a chapter 7 proceeding on June 6, 2001. A chapter 7 trustee was appointed[2] and the case was re-assigned to this judge that same day.

---

1. There is no Count IV in the complaint. This omission apparently was inadvertent.

2. We will continue to refer to the committee as plaintiff in this adversary action through-

out this memorandum opinion for the sake of consistency even though the chapter 7 trustee has stepped into the committee's shoes and has taken over prosecution of the case.

## — II —

### DISCUSSION

A claim may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), which applies to this adversary action by reason of Federal Rule of Bankruptcy Procedure 7012(b), for failure to state a claim upon which relief can be granted. When considering such a motion, we must accept as true all of the factual allegations in the complaint as well as all reasonable inferences that can be drawn therefrom. *Doe v. Delie,* 257 F.3d 309, 313 (3d Cir.2001). We may dismiss the complaint only if it is manifestly obvious that no relief could be granted under any set of facts that can be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The issue is not whether we think plaintiff will ultimately prevail but whether plaintiff is entitled to an opportunity to offer evidence to support its claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### *COUNT I AND COUNT VI*

■ The committee alleges in Count I that defendants would be unjustly enriched if they are permitted to utilize debtor's 1999 NOL to obtain a refund of previous years' income taxes, which were paid with money provided by debtor, without making the refunds available for paying debtor's creditors.

■ Unjust enrichment is a doctrine based on equity. *Mitchell v. Moore,* 729 A.2d 1200, 1203 (Pa.Super.), *appeal denied,* 561 Pa. 698, 751 A.2d 192 (1999). Where it is found, the law implies a contract—sometimes referred to as a quasi-contract—which requires one who is unjustly enriched to make restitution in *quantum meruit. Schenck v. K.E. David, Ltd.,* 446 Pa.Super. 94, 97, 666 A.2d 327, 328, *appeal denied,* 544 Pa. 660, 676 A.2d 1200 (1996).

■ To prevail on a claim for unjust enrichment, one must demonstrate that the party from whom recovery is sought either wrongfully procured or passively received a benefit the retention of which would be unconscionable. *Torchia v. Torchia,* 346 Pa.Super. 229, 233, 499 A.2d 581, 582 (1985).

■ The requirements for establishing unjust enrichment are: (1) that a benefit was conferred on defendant; (2) that defendant retained the benefit; and (3) that it would be inequitable for defendant to retain the benefit without paying its value. *Schenck,* 446 Pa.Super. at 97, 666 A.2d at 328. A showing of wrongful intent on defendant's part is not required. The focus is on whether defendant has been unjustly enriched. *Torchia,* 346 Pa.Super. at 233, 499 A.2d at 581–82.

Defendants maintain that Count I must be dismissed because the NOL had no value to debtor. Although the NOL was debtor's, it had value to debtor only if debtor could use the NOL to reduce either its past or future tax liability. Debtor could use the NOL for neither purpose because, as an S corporation, it had passed its tax liability through to defendants. Debtor had not paid income taxes in any previous year and, consequently, was not in a position where it could carry the NOL back and apply it to past taxes paid. The NOL also had no carryover value to debtor for set off against future taxes owed because debtor presently is undergoing chapter 7 liquidation and has no prospect of future income.

Because the NOL purportedly had no value to debtor, defendants would have us conclude as a matter of law that defendants could not have been unjustly enriched when they availed themselves of the

NOL to obtain refunds of taxes previously paid by them. The fact that the NOL produced the "fortuitous effect" of enabling them to recover the full amount of incomes they previously had paid, defendants insist, does not rise to the level of unjust enrichment. Defendants rely upon *In re White Metal Rolling and Stamping Corporation*, 222 B.R. 417 (Bankr.S.D.N.Y. 1998), in support of their position.

This argument is not persuasive. Even assuming for the sake of argument that the NOL had no economic value to debtor, we are not prepared at this early stage of this case to conclude as a matter of law that the committee cannot prevail on its claim for unjust enrichment.

Focusing, as defendants do, on whether the NOL had any value *for debtor* misses the point of Count I. The NOL might be viewed as providing a substantial benefit *for defendants* which debtor conferred on them as a result of their own course of conduct and which would be unconscionable for them to retain.

As we construe Count I, its focus is not on defendant's utilization of debtor's NOL but upon the resulting tax refunds which debtor shareholders intend to retain for themselves. The tax refunds unquestionably have considerable value to defendants. According to the committee, defendants' utilization of debtor's NOL will enable defendants to recoup income taxes they paid in previous years with funds provided for that purpose by debtor, which is now insolvent and unable to pay its creditors.

We are not willing at this preliminary stage of this case to say categorically that it would not be unconscionable and inequitable if defendants kept the resulting tax refunds for themselves instead of making them available for distribution to debtor's pre-petition creditors. Put another way, we are not prepared to require that a

benefit conferred on one party have value to the party conferring it before unjust enrichment can occur. Defendants' argument in support of dismissing Count I rests on this questionable premise.

■ Count VI of the complaint alleges that defendants, as directors of debtor, breached the fiduciary duty they owed to debtor's creditors by causing debtor to make payments to them which sufficed to pay their income taxes and then utilizing the NOL for their own benefit to obtain a refund of these taxes while knowing that debtor was insolvent.

■ A director of a corporation stands in a fiduciary relationship to the corporation and is obligated to perform his or her duties as director in good faith and in a manner reasonably believed to be in the best interest of the corporation. A director must utilize such care, skill, and diligence as a person of ordinary prudence would under similar circumstances. 15 Pa. C.S.A. § 512(a). As a general matter, the duty owed by a director arising under § 512(a) is owed solely to the corporation and may be enforced directly only by the corporation or indirectly by a shareholder in a derivative action brought under the right of the corporation. They may not be enforced directly by a shareholder, by another director, or by any other person or group. 15 Pa.C.S.A. § 517.

■ These principles are not without exception. For example, courts have held where a corporation was insolvent that its directors hold their powers "in trust" for the corporation's creditors. They may not exercise their powers for their own benefit and to the detriment of the corporation's creditors. *Bernstein v. Donaldson (In re Insulfoams, Inc.)*, 184 B.R. 694, 703–04 (Bankr.W.D.Pa.1995), *aff'd*, 104 F.3d 547 (3d Cir.1997). A trustee in bankruptcy under such circumstances may bring ac-

tion seeking recovery on behalf of the corporation's creditors. *Id.*

■■■ The test of liability for breach of fiduciary duty is whether a director was unjustly enriched by his or actions. *In re Insulfoams,* 184 B.R. at 704; *Bailey v. Jacobs,* 325 Pa. 187, 194, 189 A. 320, 324 (1937).

Defendants maintain the Count VI must be dismissed because the cause of action for unjust enrichment found at Count I of necessity must be dismissed. We have rejected defendants' assertion that the cause of action for unjust enrichment of necessity must fail and, consequently, also will deny their motion to dismiss Count VI for failing to state a claim upon which relief can be granted.

### COUNT II

■■■ Count II of the complaint alleges that consideration for defendants' right to receive tax refunds was based on debtor's NOL. It seeks to impose a resulting trust in favor of debtor's bankruptcy estate with respect to the tax refunds defendants have (or will) receive as a result of their utilization of debtor's NOL for this purpose.

■■■ A resulting trust arises when property is transferred to one person and the consideration for the transfer is provided by another. It arises in favor of the person who provided the consideration. *Bower v. Bower,* 531 Pa. 54, 61, 611 A.2d 181, 184 (1992). A resulting trust must be intended by the person paying the consideration before it can arise. *Id.*

Defendants assert that Count II must be dismissed because debtor, as an S corporation, never possessed the right to receive and never could have received its shareholders income tax refunds and in no sense can it be said to have given consideration for defendants' right to receive them.

It is not clear what to make of defendants' argument in support of dismissing this count. We suspect that it was an afterthought.

Although we too have reason to wonder whether the plaintiff can ultimately prevail under this theory, we are not prepared at this time to conclude as matter of law that it cannot. As we indicated previously, the issue is not whether we think that plaintiff ultimately will prevail on its claim but whether plaintiff should be allowed to offer evidence in support of it. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. Prudence cautions us to defer ruling on Count II until the committee has had an opportunity to flesh out this cause of action and to offer evidence at trial in support of it.

### COUNT III AND COUNT V

A bankruptcy trustee may avoid a postpetition transfer of property of the bankruptcy estate that is not authorized by any provision of the Bankruptcy Code or by order of the bankruptcy court. 11 U.S.C. § 549(a). To the extent such a transfer is so avoided, the trustee may recover from the initial transferee the property transferred or its value. 11 U.S.C. § 550(a).

Count III of the complaint asserts that debtor's 1999 NOL and "the emoluments resulting therefrom" constitute property of debtor's bankruptcy estate. It further asserts that defendants' "determination not to elect to waive loss carrybacks for 1999 Net Operating Losses, and to utilize 1999 net operating losses solely to offset taxable income for future tax liability" amounted to a transfer of debtor's interest therein. Said transfer, it is alleged, occurred after the filing of the bankruptcy petition and was neither authorized by any provision of the Bankruptcy Code nor by an order of the bankruptcy court. Count III seeks to avoid the alleged transfer in accordance with § 549(a) while Count V seeks in ac-

cordance with § 550(a) to recover from defendants the value of the avoided transfer.

Rules governing use of a net operating loss in one taxable year to offset income in taxable years prior to or subsequent to the year of the loss are governed by 26 U.S.C. § 172 of the Internal Revenue Code. It allows an NOL deduction in a given taxable year for the aggregate of NOLs carried back to such year. 26 U.S.C. § 172(a). The NOL first must be carried back to each of the three taxable years preceding the year of the loss and then, to the extent the loss is not fully absorbed by income in the carryback years, it can be carried forward to each of the twenty taxable years following the taxable year in which the loss occurred. 26 U.S.C. §§ 172(b)(1) and (b)(2). A taxpayer may, however, elect to relinquish the entire carryback period with respect to an NOL and opt instead to apply the entire NOL to future taxable years. Once it is made, such an election is irrevocable for that year. 26 U.S.C. § 172(b)(3)(C).

Defendants assert that Count III along with Count V must be dismissed for two reasons. The NOL does not constitute property of the bankruptcy estate for purposes of §§ 549(a) and 550(a) because it has no value to debtor for reasons previously articulated. Also the "determination to not elect to waive" debtor's NOL carrybacks in connection with debtor's 1999 NOL and to use it instead to offset against taxable income in future years does not qualify as a transfer for purposes of these Bankruptcy Code provisions.

■ Defendants have not made a persuasive case for the proposition that the above NOL is not property of debtor's bankruptcy estate because it had no value to debtor in the way previously indicated. As authority for this proposition defendants rely upon *In re White Metal Rolling*

*and Stamping Corporation, supra.* Our reading of this decision does not support this proposition. To the contrary, it expressly held that an NOL is property of the bankruptcy estate of the corporation that generated it. 222 B.R. at 424. Moreover, *In re White Metal Rolling* is not the only decision to so hold. Other courts have arrived at the same conclusion. *See In re Prudential Lines, Inc.*, 928 F.2d 565, 573 (2d Cir.), *cert. denied*, 502 U.S. 821, 112 S.Ct. 82, 116 L.Ed.2d 55 (1991); *Gibson v. U.S.*, 927 F.2d 413, 417–19 (8th Cir.1991).

■ Property of the bankruptcy estate includes all legal or equitable interests of debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). It would appear that debtor had a legal interest in the NOL. It could, for instance, have elected to waive the carrying back of the NOL and instead could have elected to carry it forward to taxable income in future years. In our estimation, the answer to the question whether debtor could have availed itself of something or whether it had value to debtor is not dispositive when determining whether that something is property of debtor's bankruptcy estate.

■ Defendants further assert that Count III and Count V must be dismissed because the determination not to elect to waive the loss carryback in favor of carrying the NOL forward to taxable income in future years does not constitute a transfer for purposes of §§ 549(a) and 550(a). Defendants maintain that the proposition that inaction on one's part can qualify as a transfer for purposes of the avoidance provisions of the Bankruptcy Code was flatly rejected in *In re Feiler*, 218 F.3d 948, 956 (9th Cir.2000), which allegedly held that action—as opposed to inaction—is required to effect a transfer.

416

We believe that defendants' reliance on *In re Feiler* in this regard is misplaced. We read the decision as saying only that a transfer occurred when the Feilers elected to relinquish their right to an immediate tax refund in exchange for future tax consideration. It does not hold that an active election on their part was somehow *required* before a transfer of their right to an immediate tax refund could occur. *In re Feiler* nowhere says that a transfer requires action on debtor's part before a transfer can occur for purposes of the avoidance provisions of the Bankruptcy Code and that inaction cannot suffice.

■ *Every* mode, whether direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property qualifies as a transfer for purposes of the Bankruptcy Code. 11 U.S.C. 101(54). Nowhere is there any indication in the Bankruptcy Code that action, as opposed to inaction, by a debtor is required for there to be a transfer.

As is the case with Count III of the complaint, we question whether the committee can prove that a post-petition transfer of debtor's interest in property occurred for purposes of § 549(a) when debtor did not elect to waive the carryback provision in favor of carrying forward its NOL to taxable income in future years. It remains to be determined whether debtor's status as a S corporation effected a change in the status of debtor's interest in its NOL. Defendants ultimately may turn out to be correct in asserting that there was no post-petition transfer in this regard but have not been persuasive to date in establishing whether there is such a change and, if there is, its effect.

We conclude in light of the foregoing that we must deny defendants' motion to dismiss the complaint in this adversary action for failure to state a claim upon which relief can be granted.