**Bridget A. PIPER, Plaintiff,**

v.

**PORTNOFF LAW ASSOCIATES, et al., Defendants.**

**Civil Action No. 03–2046.**

United States District Court, E.D. Pennsylvania.

July 8, 2003.

**326**

David A. Searles, Donovan Searles, LLC, Philadelphia, PA, for Plaintiff.

James W. Christie, William F. Mcdevitt, Christie Pabarue Mortensen & Young PC, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

KATZ, Senior District Judge.

Plaintiff in the above-titled action initially moved to certify a class pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA), 73 P.S. § 2270.1, *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (PUTPCPL), 73 P.S. § 201–1, *et seq.* In an opinion dated June 10, 2003, this court certified a class pursuant to the FDCPA but not the state laws. Presently before the court is Plaintiff's Renewed Motion to Certify Class for Claims Set Forth in Counts Two, Four and Five of Plaintiff's complaint, the response, and the reply thereto. For the reasons set forth below, the motion is granted.

### I. Background [1]

The plaintiff in this case claims that Portnoff Law Associates' form letters for collecting delinquent water and sewer bills for the City of Bethlehem failed to inform the recipients that the letters were from a debt collector as required by 15 U.S.C. § 1692e(11),[2]

---

1. A more detailed background can be found in this court's Memorandum Opinion dated June 10, 2003.

2. 15 U.S.C. § 1692e(11) provides that it is a violation of the act when a party fails to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial

nor did the letters include validation notices pursuant to 15 U.S.C. § 1692(g).[3] Furthermore, the plaintiff alleges that the defendants' charged unreasonable attorney's fees[4] which also violated the FDCPA.[5] In addition to the federal claims, Count Two of plaintiff's complaint alleges that the defendants violated the state FCEUA and PUTPCPL, Count Four alleges that defendants imposed an illegal penalty, and Count Five alleges unjust enrichment.

As noted, this court initially certified a class pursuant to the federal law only. The court found that the plaintiff had failed to meet the numerosity requirement for certification under the FCEUA and the PUTPCPL. Under the PUTPCPL,

> [a]ny person who purchases or leases goods or services primarily for personal family or household purposes and thereby suffers *any ascertainable loss of money or property, real or personal, as a result of*

the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

73 P.S. § 201–9.2 (emphasis added).[6] Because the plaintiff failed to show that any proposed class members suffered actual damages, the plaintiff was unable to establish that the class was so numerous that joinder of all members was impracticable.[7] Fed. R.Civ.P. 23(a)(1). In her renewed motion for class certification, plaintiff has attached documentation showing that at least 148 individuals paid attorney's fees to Portnoff Law Associates while fulfilling their water and sewer obligations to the City of Bethlehem. *See* Affidavit of Donna Page in Support of Pl.'s Renewed Mot. Based on this information, plaintiff contends that the proposed class suffered actual damages pursuant to the

---

oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

**3.** 15 U.S.C. § 1692g provides that
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**4.** On December 22, 1999, the City of Bethlehem enacted Ordinance No. 3988, which provided the following schedule for attorney fees for various lien enforcement services: Internal review and sending first demand letter-$150.00; File lien and mailing second demand letter-$150.00; 3) Prepare Writ of Scire Facias-$150.00 Re-issue Writ-$25; Prepare and mail letter under Pa. R. Civ. P. 237.1; Prepare motion for alternate service-$175.00; Prepare motion for summary judgment and related judgment-$150; Prepare write of execution-$750; and Attendance at Sale; Review schedule of distribution and resolve distribution issues-$400.00.

**5.** 15 U.S.C. § 1692f(1) forbids debt collectors from charging "an amount (including any interest, fee, charge, or expense incidental to the principal obligation)," that was not expressly authorized by the debt agreement or permitted by law.

**6.** The Pennsylvania Fair Credit Extension Uniformity Act defines "unfair methods of competition and unfair or deceptive practices with regard to the collection of debts." 73 P.S. § 2270.4. Engaging in one of these defined practices constitutes a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**7.** *See Weinberg v. Sun Company, Inc.,* 565 Pa. 612, 777 A.2d 442, 446 (2001) ("[T]he [PUTPCPL] statute clearly requires, in a private action, that a plaintiff suffer an ascertainable loss as a result of the defendant's prohibited action.").

FCEUA and the PUTPCPL; therefore, plaintiff argues that the class meets the certification requirements of Federal Rule of Civil Procedure 23.

## II. Discussion

To obtain class certification, a plaintiff must establish all four elements of Federal Rule of Civil Procedure 23(a) as well as one provision of 23(b). *Johnston v. HBO Film Management, Inc.*, 265 F.3d 178, 183 (3d Cir.2001). Rule 23(a) provides that the prerequisites to a class action are:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defense of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Because there are at least 148 individuals who suffered an ascertainable loss by paying the attorney's fees in order to settle water and sewer obligations to the City of Bethlehem, the plaintiff argues that the proposed FCEUA and PUTPCPL class now meets the numerosity requirement. Defendants object to certification under the state consumer protection laws for two reasons: first, that the plaintiff may not recover under both the state and federal laws; and, second, that the plaintiff has failed to establish that the entire class suffered actual damages as required by state law.

▮ The FCEUA prohibits plaintiffs from recovering damages under both the state and federal consumer protection laws. *See* 73 P.S. § 2270.5(c) ("Remedies available for violation of this act and the Fair Debt Collection Practices Act ... shall not be cumulative, and debt collectors who violate this act and the Fair Debt Collection Practices Act shall not incur cumulative penalties."). According to the defendants, the FCEUA limitation on cumulative penalties forces an individual plaintiff to choose whether to bring his or her claims under the federal or state law. Because the plaintiff in this action elected to file her case in federal court, the defendants contend that she may proceed under federal law only. Although a plaintiff may not recover under both the state and federal laws, neither law bars a plaintiff from proceeding under both statutes before he or she chooses the state or federal remedy. Because the court may exercise supplemental jurisdiction over the state claim at this stage in the litigation,[8] certification pursuant to the state and federal claims is appropriate if the plaintiff fulfills the Rule 23 requirements. Therefore, there is no barrier to certifying a class pursuant to both the federal and state consumer protection laws.

---

**8.** While a class certified only under state law would not be diverse and would raise jurisdictional questions, this court may exercise supplemental jurisdiction over the FCEUA and PUTPCPL claims at this stage in the litigation. 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III...." Section 1367(c) addresses when a district court may decline to exercise supplemental jurisdiction over a claim. The four instances in which the court may decline to exercise supplemental jurisdiction are if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

While the elimination of all federal claims before trial might warrant relinquishing jurisdiction over state claims, the Supreme Court has explained that this action is not mandatory but rather a matter of discretion. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). As the Court explained, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* At this stage in the litigation, it is in the interest of judicial economy, convenience, fairness, and comity to proceed with a class under both the state and federal consumer protection laws. The court may revisit the jurisdictional issue if the plaintiff withdraws her federal claim.

■ Defendants also contest certification under the FCEUA and the PUTPCPL because plaintiff has failed to establish that the entire class sustained an ascertainable loss. Because the remaining class members have not shown an ascertainable loss, defendants contend that certification under the FCEUA is appropriate for only the 148 individuals identified by the plaintiff. In response, plaintiff argues that the 148 individuals merely represent a sample of the potential class members who paid attorney's fees and allegedly suffered actual damages due to the defendants' debt collection practices. Plaintiff notes that she has reviewed approximately one-half of the defendants' collection histories and that the 148 number will likely increase. Although the plaintiff is unable to establish the exact number of class members who suffered actual damages, it is not necessary for the plaintiff to make such a showing at this stage in the litigation. *See Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir.1993) ("Courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement."); *Marcial v. Coronet Ins. Co.,* 880 F.2d 954, 957 (7th Cir.1989) ("[P]laintiffs are not required to specify the exact number of persons in the class...."); *In re Orthopedic Bone Screw Products Liability Lit.,* 202 F.R.D. 154, 160 (E.D.Pa.2001) ("There are no specific standards regarding class size and it is not necessary for a plaintiff to allege the exact number of class members to satisfy the numerosity requirement."). Because the plaintiff has shown that at least 148 individuals paid attorney's fees to the defendants, the plaintiff has fulfilled the numerosity requirement for class certification.

■ The plaintiff has also established the remaining prerequisites to class certification pursuant to Rule 23. To show commonality, a plaintiff must demonstrate only that "the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Baby Neal for and by Kanter v. Casey,* 43 F.3d 48, 56 (3rd Cir. 1994). Where the named plaintiff as well as members of the proposed class all have similar claims arising from the same scheme, the typicality requirement is satisfied regardless of whether different facts underlie each class member's claim. *See In re Prudential Insurance Company of America Sales Practices Litigation,* 148 F.3d 283, 311–12 (3d Cir.1998). In this case, the plaintiff's allegations that the defendants violated the FCEUA and the PUTPCPL by charging unreasonable attorney's fees are common and typical of the proposed class. As with the federal claim, the representative plaintiff will fairly and adequately protect the interests of the class certified under the state consumer laws. For the reasons set forth in this court's memorandum of June 10, 2003, the prospective class also fulfills the requirements of Rule 23(b)(1), (2), and (3). Therefore, this court certifies the class pursuant to the FCEUA and PUTPCPL.

■ In addition to the federal and state consumer protection laws, the plaintiff also seeks certification pursuant to the common law causes of action set forth in Counts Four and Five of the complaint. Defendants object to certification pursuant to these claims and argue that the common law claims of unjust enrichment[9] and imposition of an illegal penalty cannot form the basis of independent causes of action against the defendants. According to defendants, a plaintiff in an FDCPA action is limited to a single recovery under the law and may not recover for common law violations. However, defendants misstate the law. While the FDCPA may limit statutory damages to $1,000 per *action* rather than per *violation,*[10] the federal statute does not limit recovery for other causes of action arising from the same set of facts.

---

9. To make out a claim for unjust enrichment, a plaintiff must establish "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Schenck v. K.E. David, Ltd.,* 446 Pa.Super. 94, 666 A.2d 327, 328–29 (1995).

10. *See Harper v. Better Business Services, Inc.,* 961 F.2d 1561, 1563 (11th Cir.1992) ("The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt.").

**330**

Because plaintiff's proposed class under the common law causes of action also fulfills the requirements of Rule 23, this court certifies the proposed class under Counts Four and Five of the complaint.

### III. Conclusion

For the foregoing reasons, this court certifies a class pursuant to the FDCPA, the FCEUA and PUTPCPL, and Counts Four and Five of the plaintiff's complaint.

An appropriate order follows.

### *ORDER*

**AND NOW,** this 8th day of July, 2003, it is hereby **ORDERED** that Plaintiff's Renewed Motion to Certify Class for Claims Set Forth in Counts Two, Four and Five of Plaintiff's complaint is **GRANTED.** The court certifies a class in this matter as follows:

All real persons who, as owners of real property received communications from Portnoff Law Associates, Ltd. between January 3, 2002 and March 31, 2003, relating to municipal claims for water and sewer assessments asserted by the City of Bethlehem, as well as fees and costs imposed pursuant to Pennsylvania's Municipal Claim and Tax Liens Act, 53 P.S. § 7101 *et seq.* and local ordinances, and who assert claims against Portnoff Law Associates, Ltd., pursuant to the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1, *et seq.,* for the imposition of illegal penalty and for unjust enrichment, as set forth in Counts Two, Four and Five of the Complaint in this action. Excluded from the class are all officers and directors of the defendants, as well as businesses, corporations, and real persons who own their property for business purposes.

It is **FURTHER ORDERED** that the court's order of June 9, 2003 is **AMENDED** to read that a class is certified as follows:

All real persons who, as owners of real property received communications from Portnoff Law Associates, Ltd. between March 31, 2002 and March 31, 2003, relat-

ing to municipal claims for water and sewer assessments asserted by the City of Bethlehem, as well as fees and costs imposed pursuant to Pennsylvania's Municipal Claim and Tax Liens Act, 53 P.S. § 7101 *et seq.* and local ordinances, and who assert claims against Portnoff Law Associates, Ltd., pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") as set forth in Count I of the Complaint in this action. Excluded from the class are all officers and directors of the defendants, as well as businesses, corporations, and real persons who own their property for business purposes.

The parties shall submit a proposed form of notice by *July 18, 2003.*