## Twin Lake Estates Property Owners Association v. Chilcote

C.P. of Monroe County, No. 9910 CV 2014

HARLACHER SIBUM, *J.*, April 16, 2015—On December 12, 2014, Plaintiff commenced this action against Defendants for unpaid property owners' association dues and assessments.[1] Defendants filed Preliminary Objections to the complaint on January 6, 2015. The relevant facts and procedural history can be summarized as follows: Defendants, Robert Chilcote and Kathryn Volcy, are owners of lot number 1009 (Lot 1009) located within Twin Lake Estates, a planned community whose common areas are managed and maintained by Plaintiff. In 1963, Twin Lake Estates were subdivided into approximately 140 lots. The previous owners of the subdivided lots entered into agreement permitting current and future lot owners to use the common areas, and also required future lot owners to abide by future restrictive covenants and become part of a homeowners' association, if one was ever formed. This agreement was

_____

1. A prior case concerning the parties has been previously litigated. Plaintiff filed a complaint seeking unpaid homeowners' association dues against the Defendants in 2010, which resulted in a judgment in favor of Plaintiff on January 4, 2012. Defendants appealed this Court's decision to the Commonwealth Court. On November 7, 2012, the Commonwealth Court affirmed. Plaintiff filed the instant action to recover additional unpaid homeowners' association dues that have been incurred since.

recorded in the Monroe County Recorder's Office on July 26, 1973. As contemplated by the 1973 Agreement, a document entitled "Schedule of Covenants, Easements, Reservations, Charges and Conditions" (Covenants) was recorded on July 30, 1973. On August 2, 2001, Twin Lake Estates Property Owners Association (Association) was formed. The original development owners then assigned their interest in the Covenants to the Association on September 13, 2001.

N.B.J Corporation, the previous owner of Lot 1009, conveyed the property to Paragon Equipment Company subject to the Covenants. After several conveyances, Lot 1009 was finally conveyed to the Defendants on September 14, 2004. After refusing to pay for the assessed homeowners' association dues, Plaintiffs have filed suit against the Defendants. Upon consideration of the pleadings filed, we are now prepared to decide Defendants' preliminary objections.

## DISCUSSION

Pursuant to Pa.R.C.P. 1028(a), preliminary objections may be filed by any party to any pleading on several grounds, including:

(2) Failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(3) Insufficient specificity in a pleading;

(4) Legal insufficiency of a pleading (demurrer);

(5) Failure to join a necessary party.

Pa.R.C.P. 1028(a)(2)-(5). In ruling on preliminary objections, we recognize that the Court must accept as true

"all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom....", *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa.Cmwlth.1990). The court need not accept as true, however, "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth. 1998).

When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the cases which are clear and free from doubt. *King v. Detroit Tool Co.*, 682 A.2d 313, 314 (Pa.Super. 1996). In determining whether the factual averments of a complaint are sufficient to state a cause of action, all doubts must be resolved in favor of the sufficiency of the complaint. *Slaybaugh v. Newman*, 479 A.2d 517, 519 (Pa.Super. 1984). A demurrer will be sustained only where the complaint demonstrates with certainty that under the facts averred within, the law will not permit a recovery. *Id.*; *see also Cianfrani v. Commonwealth, State Employees' Retirement Bd.*, 479 A.2d 468, 469 (Pa. 1984). If any theory of law will support the claim raised by the complaint, dismissal is improper. *Slaybaugh*, 479 A.2d at 519; *Cianfrani*, 479 A.2d at 469. Alternatively, a motion to strike a pleading may be granted when lack of conformity to a law or a rule of court occurs. Pa.R.C.P. 1028(a)(2). We will now address Defendants' Preliminary Objections in turn.

A. Insufficient Pleading under Pa.R.C.P. 1028(a)(3) and Pa.R.C.P. 1028(a)(2)

Defendants argue that Plaintiff's complaint must be dismissed for failure to allege a cause of action with

specificity as required under Pa.R.C.P. 1019. Upon review of Plaintiff's objection, we will address this argument as an objection for insufficient specificity of pleading under Pa.R.C.P. 1028(a)(3). Defendants aver fifteen (15) instances where Plaintiff has failed to plead with specificity, which included (1) Plaintiff's failure to define Twin Lake Estates' property owners; (2) failure to define the boundaries of the 145 parcels; (3) failure to cite which lots were subject to the Covenants; (4) failure to show when the Association was established to enforce the Covenants; and (5) failure to specifically describe the common areas.

Under Pa.R.C.P. 1019(a), a complaint shall state "[t]he material facts on which a cause of action...is based...in a *concise and summary form*." This rule is satisfied if the allegations in a pleading contain averments of all facts the plaintiff must eventually prove in order to recover, and the averments are sufficiently specific to enable the adverse party to prepare a defense. *Commonwealth ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 868 A.2d 624 (Pa. Cmwlth. 2005). The complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim. *Landau v. Western Pennsylvania National Bank*, 445 Pa. 217, 282 A.2d 335, 339 (1971). Upon review of the complaint, we find that the allegations set forth therein are sufficient to advise Defendants of the basis of the claims. The Rules of Civil Procedure only require that "material facts on which a cause of action...is based...[be pleaded]...in a *concise and summary form*." (emphasis added). If Defendants require additional information above and beyond what the Plaintiffs are required to state in their complaint, the various discovery rules set forth in the Pennsylvania

Rules of Civil Procedure provide Defendants with an avenue for acquiring additional information. Accordingly, Defendants' preliminary objection based on insufficient pleading is overruled.

**B. Failure of a Pleading to Conform to Law or Court Rules under Pa. R.C.P. 1028(a)(2)**

Defendants next assert that Plaintiff's reference to the case previously filed with this Court concerning the parties should be stricken for failure to conform to law or court rules and that the Court should sustain Defendants' preliminary objection. Defendants, however, do not present any argument as to why they are entitled to this relief. We find Defendants' argument lacks merit.

Defendants also argue that Plaintiff has stated two causes of action within one "count" in the complaint in violation of Pa.R.C.P. 1020. The rule provides in relevant part-

> (a) The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.
>
> ...
>
> (b) Causes of actions may be pleaded in the alternative.

Pa. R.C.P. 1020(a)-(c). Under Count II of the complaint, Plaintiff brings a "Breach of Contract and/or Quantum Meruit (Fair Share Contribution)" claim. Plaintiff argues that both legal theories arise from the same set of facts and therefore constitute a single cause of action. We disagree.

Breach of contract and quantum meruit are two separate and distinct causes of action. A breach of contract action involves (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages. *J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc.*, 792 A.2d 1269 (Pa.Super. 2002). On the other hand, quantum meruit is an equitable remedy to provide restitution for unjust enrichment in the amount of the reasonable value of services. *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 532 fn. 8 (2010) (citing Black's Law Dictionary (8th ed.2004)). In unjust enrichment claims, the law implies a contract, which requires the defendant to pay to the plaintiff the value of the benefit conferred. *Schenck v. KE. David, Ltd.*, 446 Pa.Super. 94, 666 A.2d 327 (1995). The elements necessary to prove unjust enrichment are: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. *Id.* at 328. (citations omitted).

The Pennsylvania Rules of Civil Procedure specifically provide for the alternative pleading of causes of actions. Pa.R.C.P. 1020(c). Moreover, causes of action that are inconsistent are permitted so long as they are pleaded at separate counts. *Duquesne Light Co. v. U.S. Indus. Fabricators, Inc.*, 483 A.2d 534 (Pa. Super. 1984). Pennsylvania courts have held that breach of contract and unjust enrichment must be pleaded alternatively in order to allow recovery under the latter theory where an express contract cannot be proven. *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 (2009) (citing *Birchwood Lakes Community Ass'n Inc. v. Cornis*, 442 A.2d 304,

308-309 (Pa.Super. 1982)). Thus, we sustain Defendants' preliminary objection as to Plaintiff's improper pleading of Count II.

C. Lack of Capacity to Sue under Pa.R.C.P. 1028(a)(3) and (a)(5)

Lastly, Defendants argue that Plaintiff lacks standing to bring this action. Defendants admit that they are subject to the Covenants requiring lot owners to become part of the homeowners' association and that they did join a similarly named homeowners' association, which was formed in 1985. However, Defendants argue that they are not a member of the Plaintiff's association as it was formed some time later. Plaintiff, on the other hand, argues that it is the only homeowners' association existing with respect to Defendants' premises. For the following reasons, we overrule Defendants' preliminary objection.

Based on the pleadings of record and in the light most favorable to Plaintiff, the record establishes that there is only one association formed pursuant to the Covenants and has governed the subdivision where Defendants reside. Defendants do not dispute that they are subject to the Covenants, which gave Defendants easement rights to the common roads and lakes in the community. The Covenants also obligated Defendants to pay any fines assessed and imposed by the association. Moreover, Plaintiff is a "planned community" under the Uniform Planned Community Act (UPCA). 68 Pa.C.S. § 5103. Under the UPCA, the Association is authorized to "[a]dopt and amend budgets for revenues, expenditures and reserves and collect assessments for common expenses from unit owners." *Id.* § 5302(a)(2). Therefore, Defendants are obligated under the Covenants and under UPCA to pay for

the dues assessed and imposed by Plaintiff. Defendants' preliminary objection with respect to Plaintiff's capacity to sue is overruled.

Accordingly, we enter the following Order.

## ORDER

AND NOW, this 17th day of April, 2015, upon consideration of Defendants' Preliminary Objections to Plaintiff's Complaint, the response(s) thereto, and after oral argument, it is ORDERED as follows:

1. Defendants' Preliminary Objection for Insufficient Pleading under Pa.R.C.P. 1028(a)(3) and Pa.R.C.P. 1028(a)(2) is OVERRULED.

2. Defendants' Preliminary Objection for Failure of a Pleading to Conform to Law or Court Rules under Pa.R.C.P. 1028(a)(2) is SUSTAINED. Plaintiff is given twenty (20) days from the date of this ORDER to file an amended complaint.

3. Defendants' Preliminary Objection for Plaintiffs Lack of Capacity to Sue is OVERRULED.