J-S78015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NISSIM ASSOULINE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JACQUELINE REYNOLDS AND CHARLES REYNOLDS | : | |
| | : | No. 674 WDA 2017 |
| Appellants | : | |

Appeal from the Order May 2, 2017
In the Court of Common Pleas of Allegheny County Civil Division at No(s):
LT No 17-000259

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 6, 2018**

Appellants, Jacqueline Reynolds and Charles Reynolds, appeal from the order entered on May 2, 2017, denying their request to strike a magisterial district judge's order of possession and judgment issued to Nissim Assouline (Assouline) with regard to a residential property in Bethel Park, Pennsylvania.  We affirm.

We summarize the facts and procedural history of this case as follows. Appellants were the owners/occupants of a residential property in Bethel Park, Pennsylvania.  After Appellants failed to pay real estate taxes on the property for 14 years, Assouline purchased the property at a sheriff's sale on May 4, 2015.  Appellants filed a petition to set aside the sheriff's sale with the Court of Common Pleas of Allegheny County.  The trial court denied relief, the Commonwealth Court affirmed that decision, and our Supreme

_____

\*   Retired Senior Judge assigned to the Superior Court.

Court denied further review on December 13, 2016. **See Bethel Park School Dist. v. Reynolds**, 2016 WL 3196682 (Pa. Cmwlth. 2016), *appeal denied*, **Bethel Park School District v. Reynolds**, 164 A.3d 454 (Pa. 2016). On October 2, 2017, the United States Supreme Court denied *certiorari*. **See Reynolds v. Bethel Park School Dist.**, 138 S.Ct. 109 (2017).

On February 1, 2017, Assouline filed an eviction action with the Bethel Park Magisterial District Judge. On February 15, 2017, the magisterial district judge ruled in favor of Assouline and entered an order for his possession of the subject residence, as well as a judgment in the amount of $12,202.85, representing $12,000.00 for rent in arrears and $202.85 for filing fees. On March 7, 2017, Appellants filed a *praecipe* for writ of *certiorari* with the Court of Common Pleas of Allegheny County. On March 30, 2017, Appellants filed a specification of errors, alleging that the magisterial district judge lacked subject matter jurisdiction to resolve the dispute. More specifically, Appellants averred that there was no lease agreement or landlord/tenant relationship between the parties and, therefore, the magisterial district judge lacked subject matter jurisdiction to entertain an eviction proceeding. Accordingly, Appellants requested that the trial court strike the order granting possession of the subject property to Assouline. Appellants did not challenge the amount of the monetary

J-S78015-17

judgment entered. By order entered on May 2, 2017, the trial court denied relief. This timely appeal resulted.[1]

Appellants raise the following issue for our review:

1. Whether the [trial] court erred in [] determining that [the magisterial district judge had] subject matter jurisdiction [over this matter] where the plaintiff filed a landlord[/]tenant action where there was no landlord[/tenant relationship] and no lease?

Appellant's' Brief at 3 (complete capitalization omitted).

In sum, Appellants' argument is as follows:

There is no provision [in the statute that confers subject matter jurisdiction upon a magisterial district judge, 42 Pa.C.S.A. § 1515,] for entertaining actions of ejectment. [Assouline] is not a landlord, [Appellants] are not tenants, and this case does not fall within the scope of the Landlord Tenant Act.

Additionally, the courts in this state have denied a [magisterial] district [judge] the authority to try any question directly concerning title to land.

Accordingly, this [C]ourt should strike the order for possession and the money judgment as the [magisterial] district [judge] had no subject matter jurisdiction to entertain an ejectment action. The proper place for this action is Common Pleas Court in an ejectment action.

Appellants' Brief at 8-9 (case citations omitted).

_____

[1] Appellants filed a notice of appeal on May 5, 2017. On May 8, 2017, the trial court directed Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants complied timely. On August 14, 2017, the trial court entered an order pursuant to Pa.R.A.P. 1925(a) stating that the reasons for its decision were set forth in its earlier May 2, 2017 order.

Initially, we reject Appellant's suggestion that the magisterial district judge in this matter was deciding which party had proper title over the subject property. Here, the issue of title has been fully litigated and it was determined that Assouline was the rightful owner of the subject property via sheriff sale. **See Bethel Park School Dist. v. Reynolds**, 2016 WL 3196682 (Pa. Cmwlth. 2016), *appeal denied*, **Bethel Park School District v. Reynolds**, 164 A.3d 454 (Pa. 2016); **Reynolds v. Bethel Park School Dist.**, 138 S.Ct. 109 (2017). At the time of the eviction action, issues concerning title to the land were not before the magisterial district judge.

We now turn to the issue of subject matter jurisdiction. In this matter, the trial court determined that "whether characterized technically as a landlord/tenant case, trespass case, or simple civil claim wherein the demanded sum does not exceed $12,000.00, the magisterial district judge was not without jurisdiction to enter the February 15, 2017 judgment [and order of possession] for [Assouline]." Trial Court Order, 5/2/2017, at *1.

"Subject matter jurisdiction speaks to the competency of a court to hear and adjudicate the type of controversy presented." **Commonwealth v. Elia**, 83 A.3d 254, 265 (Pa. Super. 2013) (internal citation omitted). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review is plenary." **Id.** (internal citation omitted).

The subject matter jurisdiction for magisterial district judges is set forth at 42 Pa.C.S.A. § 1515 and provides, in pertinent part:

**(a) Jurisdiction.--**Except as otherwise prescribed by general rule adopted pursuant to section 503 (relating to reassignment of matters), magisterial district judges shall, under procedures prescribed by general rule, have jurisdiction of all of the following matters:

(1)  Summary offenses, except those arising out of the same episode or transaction involving a delinquent act for which a petition alleging delinquency is filed under Chapter 63 (relating to juvenile matters).

(2)  Matters arising under the act of April 6, 1951 (P.L. 69, No. 20), known as The Landlord and Tenant Act of 1951, which are stated therein to be within the jurisdiction of a magisterial district judge.

(3)  Civil claims, except claims against a Commonwealth party as defined by section 8501 (relating to definitions), wherein the sum demanded does not exceed $12,000, exclusive of interest and costs, in the following classes of actions:

(i)  In assumpsit, except cases of real contract where the title to real estate may be in question.

(ii)  In trespass, including all forms of trespass and trespass on the case.

(iii)  For fines and penalties by any government agency.

42 Pa.C.S.A. § 1515 (internal footnote omitted).

The objective of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S.A. § 1921(a). Generally, the best indication of legislative intent is the plain language of the statute. *Koken v. Reliance Ins. Co.*, 893 A.2d 70, 81 (Pa. 2006) (citation omitted).

Here, the trial court concluded that although the parties did not have a formal landlord/tenant agreement, the magisterial district judge had subject matter jurisdiction over the eviction proceedings. We agree. Despite Appellants' claim that this case does not fall within the scope of the Landlord and Tenant Act, under that Act, "any person who acquires title to real property by descent or purchase shall be liable to the same duties and shall have the same rights, powers and remedies in relation to the property as the person from whom title was acquired." 68 P.S. § 250.104. Furthermore, "[i]n the case of a tenant whose right of possession is not paramount to that of the purchaser at a sheriff's or other judicial sale, the latter shall have the right as a landlord to collect by assumpsit or to distrain for rent from the date of the acknowledgment of his deed[.]" 68 P.S. § 250.304.

Additionally, despite the lack of a lease or formal agreement between the parties for possession of the subject residence, we have determined:

> Unjust enrichment is essentially an equitable doctrine. We have described the elements of unjust enrichment as benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. The application of the doctrine depends on the particular factual circumstances of the case at issue. In determining if the doctrine applies, our focus is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched.
>
> The most important factor to be considered in applying the doctrine is whether the enrichment of the defendant is *unjust.* Where unjust enrichment is found, the law implies a contract, referred to as either a *quasi contract* or a *contract implied in law*, which requires that the defendant pay

- 6 -

to plaintiff the value of the benefit conferred. In short, the defendant makes restitution to the plaintiff in *quantum meruit.*

**Schenck v. K.E. David, Ltd.**, 666 A.2d 327, 328–329 (Pa. Super. 1995) (internal quotations and citations omitted; italics in original).

Finally, we note that, "[e]jectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and he has a present right to immediate possession." **Croyle v. Dellape**, 832 A.2d 466, 476 (Pa. Super. 2003) (citation omitted). "A court only has jurisdiction over an [a]ction in [e]jectment if the defendant possesses the land and the plaintiff has the right to possess." **Id.** (citation omitted).

Taking all of these legal concepts together, we conclude that the magisterial district judge had subject matter jurisdiction over this dispute under 42 Pa.C.S.A. § 1515(a)(2). Again, it was previously determined that Assouline has proper title over the subject property. Thus, he has the right to possession. Furthermore, Appellants were unjustly enriched when they continued living at the residence in question without any compensation to Assouline. Hence, there was a contract implied in fact and Assouline was permitted to file an action for ejectment and rental arrears in the magisterial district court, in the same way a landlord would seek recovery.

Furthermore, the statute conferring subject matter jurisdiction on magisterial district judges clearly states that they have jurisdiction over civil

claims, under $12,000.00,[2] involving all forms of trespass. 42 Pa.C.S.A. § 1515(a)(3)(ii). "In Pennsylvania, a person is subject to liability for trespass on land in accordance with the dictates of Restatement (Second) of Torts § 158." **Gavin v. Loeffelbein**, 161 A.3d 340, 355 (Pa. Super. 2017) (citation omitted). "One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally [] enters land in the possession of the other, or causes a thing or a third person to do so, or [] **remains on the land**, or [] fails to remove from the land a thing which he is under a duty to remove." **Id.**, citing Restatement (Second) of Torts § 158 (a-c) (emphasis supplied).

Because a magisterial district judge has subject matter jurisdiction over all actions of trespass, including situations such as this, where Appellants remained on the land that was held in possession of another, we discern no error of law by the trial court in this matter.

Accordingly, for all of the foregoing reasons, we conclude that the magisterial district judge had subject matter jurisdiction over this trespass action where the civil claim did not exceed $12,000.00 and Assouline was entitled to rent in arrears based upon unjust enrichment and a contract implied in law. Hence, Appellants' sole appellate contention fails.

---

[2] There is no dispute that the judgment entered in this matter was under the $12,000.00 threshold.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/6/2018