**AMERIPRO SEARCH, INC., Appellee**

v.

**FLEMING STEEL COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 2, 2001.

Filed Nov. 16, 2001.

Jonathan Solomon, New Castle, for appellant.

Charles F. Bennett, Pittsburgh, for appellee.

Before: DEL SOLE, President Judge, LALLY–GREEN and TAMILIA, JJ.

DEL SOLE, President Judge.

¶ 1 Fleming Steel Company ("Fleming") appeals from the judgment entered against it, and in favor of AmeriPro Search, Inc. ("AmeriPro"). Upon review, we reverse.

¶ 2 This lawsuit involves a commission sought by AmeriPro from Fleming. AmeriPro is an employment referral firm that places professional employees with interested employers. Fleming is a steel fabricator. In May of 1993, Elaine Brauninger, an agent of AmeriPro, contacted Fleming and inquired about Fleming's need for professional employees. Ms. Brauninger spoke to Mr. Dahlberg, Vice President of Engineering for Fleming. During the conversation Mr. Dahlberg stated that Fleming was seeking an employee with an engineering background. In further conversations with Mr. Dahlberg, Ms. Brauninger was advised that in order to move forward with hiring this employee, Ms. Brauninger would have to speak to Seth Kohn, president of Fleming, who alone made all decisions relating to employment and salaries.

¶ 3 Ms. Brauninger then contacted Mr. Kohn. In their initial discussion, Ms. Brauninger advised Mr. Kohn that if her services were accepted she would be entitled to a fee equal to 30% of the candidate's first year's salary. Mr. Kohn did not agree because he believed the fee to be too high. Mr. Kohn told Ms. Brauninger that the fee would be as determined by him and AmeriPro only after an agreement to hire a candidate was made. Ms. Brauninger agreed and told Mr. Kohn that she would work with him on the amount of the fee. Ms. Brauninger thereafter sent Mr. Kohn resumes of potential candidates and a copy of AmeriPro's Fee Agreement.

¶ 4 One of the candidates referred to Fleming was Dominic Barracchini. Ms. Brauninger had contacted Mr. Barracchini in November of 1993 to determine whether Mr. Barracchini would be interested in a position at Fleming. At the time Mr. Barracchini was employed by Boardman Molded Products in the sales division. As a result, Mr. Barracchini informed Ms. Brauninger that he would be interested. Despite Mr. Barracchini's statement of interest, an interview could not be arranged with Fleming and Mr. Barracchini took employment with a company named Montage. In April of 1994, Ms. Brauninger again contacted Mr. Barracchini and informed him that she could arrange for an interview with Fleming. Mr. Kohn interviewed Mr. Barracchini on April 8, 1994. Fleming did not hire Mr. Barracchini because Mr. Barracchini's salary request was too high.

¶ 5 In February of 1995, Mr. Barracchini was laid off and was again in the market for a job. Mr. Barracchini called Ms. Brauninger to inquire whether Fleming was still trying to fill the position for which he had previously interviewed. Ms. Brauninger never got back to Mr. Barracchini regarding his inquiry. Mr. Barracchini then contacted Fleming on his own. Mr. Kohn interviewed Mr. Barracchini in June of 1995. Fleming hired Mr. Barracchini as an engineer on June 19, 1995.

¶ 6 On September 6, 1995, AmeriPro sent an invoice to Fleming claiming entitlement to $14,400.00 for placement of Mr. Barracchini with Fleming. Fleming refused to pay the demanded fee. AmeriPro then filed the instant action, claiming entitlement to the commission fee.

¶ 7 A non-jury trial was held. The trial court rendered its decision in favor of AmeriPro, in the amount of $15,981.76, finding that the parties had entered into both an express verbal contract and one by implication of law. Fleming filed post-trial motions. After considering the post-trial motion, the trial court rendered another decision. The trial court, in this decision, concluded that it had erred in finding that

an express contract had been formed. The trial court, however, denied the post-trial motion and upheld its previous ruling in favor of AmeriPro on the basis that there was a contract implied in law. Fleming then filed the instant appeal.

¶ 8 The trial court determined that there was no express contract formed in this case. The trial court also concluded that there was no contract implied in fact because Fleming repeatedly stated its refusal of AmeriPro's fee of 30% of the candidate's annual salary. The trial court did, however, find that there was a contract implied in law, or a quasi-contract, in this case. It was on this basis that the trial court ordered Fleming to pay AmeriPro the fee for placement of Barracchini.

¶ 9 Upon review, we find that there was no contract, express or implied, in this case. We agree with the trial court that there was no express contract in this case because the parties never agreed to the terms of the fee. Furthermore, we agree that there was no contract implied in fact. A contract implied in fact is an actual contract arising when there is an agreement, but the parties' intentions are inferred from their conduct in light of the circumstances. *Birchwood Lakes Community Assoc. v. Comis*, 296 Pa.Super. 77, 442 A.2d 304, 308 (1982). Again, there was no agreement which could be inferred from the conduct of the parties in this case regarding a material element of the arrangement, specifically the fee agreement. We disagree, however, with the trial court's determination that there was a contract implied in law, or a quasi-contract, in this case.

¶ 10 A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another. *Birchwood Lakes Community Assoc.*, 442 A.2d at 308. In determining if the doctrine applies, we focus not on the intention of the parties, but rather on whether the defendant has been unjustly enriched. *Styer v. Hugo*, 422 Pa.Super. 262, 619 A.2d 347, 350 (1993). The elements of unjust enrichment are "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Id.* The most significant element of the doctrine is whether the enrichment of the defendant is unjust; the doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff. *Id.* Where unjust enrichment is found, the law implies a quasi-contract which requires the defendant to pay to plaintiff the value of the benefit conferred. *Schenck v. K.E. David, Ltd.*, 446 Pa.Super. 94, 666 A.2d 327, 328–329 (1995). In other words, the defendant makes restitution to the plaintiff in *quantum meruit*. *Schenck*, 666 A.2d at 329.

¶ 11 We cannot find that Fleming was unjustly enriched in this case. Mr. Barracchini was referred to Fleming and the first interview was arranged by AmeriPro. Fleming did not hire Mr. Barracchini at that time because the candidate's salary requirements were too high. Approximately ten months after Mr. Barracchini's initial interview with Fleming, he was laid off from Montage. He contacted Ms. Brauninger to inquire about the job at Fleming and whether it was still open. Ms. Brauninger never responded to Mr. Barracchini's inquiry. As a result, Mr. Barracchini contacted Fleming directly to determine whether the position for which he had previously interviewed was still available. The parties, working directly with one another, arranged for the inter-

view. After interviewing Mr. Barracchini in June of 1995, Fleming hired him.

¶ 12 The events leading to the hiring of Mr. Barracchini were separate from any actions taken by Ms. Brauninger and AmeriPro on his behalf. While it is true that AmeriPro and Brauninger first introduced Barracchini to Fleming and the available position, that connection was broken when Fleming refused to hire Barracchini after the interview in April of 1994. After being laid off by his previous employer in February of 1995, Mr. Barracchini contacted Mr. Kohn directly. Mr. Barracchini's subsequent independent interaction with Mr. Kohn, which led to his actual employment by Fleming, was removed from previous actions taken by AmeriPro on his behalf.

¶ 13 While it may be argued that Fleming received a benefit from AmeriPro because Barracchini would not have known about the position at Fleming without the initial interaction involving AmeriPro, the doctrine of quasi-contract does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff. Regardless of any benefit Fleming received by AmeriPro's action of first introducing Mr. Barracchini to Fleming, the enrichment of Fleming was not unjust. Mr. Barracchini approached Fleming the second time on his own and the two parties came to an agreement regarding Mr. Barracchini's employment without any involvement by AmeriPro. Fleming did nothing to wrongly secure the benefit of Mr. Barracchini's employment. Moreover, the arrangement regarding Mr. Barracchini's employment by Fleming was not under such circumstances that it would be inequitable or unconscionable for it to retain the benefit without payment of value, here the placement fee. Because Fleming was not unjustly enriched, we find that there was no quasi-contract, or contract implied in law. Thus, Fleming owes AmeriPro nothing in restitution.

¶ 14 Judgment reversed. Jurisdiction relinquished.

¶ 15 Dissenting Statement filed by TAMILIA, J.

TAMILIA, J., Dissenting.

¶ 1 I respectfully dissent. I agree with the majority that the efforts of AmeriPro were interrupted by the initial failure of the prospective employee, Dominic Barracchini and appellant/employer, Fleming, to enter an employment agreement. I would find, however, that a quasi-contract to locate a suitable employee for Fleming existed and that despite the elapsed time and breakdown of negotiations in the intervening period, the contract was breached when the parties, introduced by AmeriPro, entered into an employment contract.

¶ 2 Because Barracchini and Fleming did not meet by happenstance but as a result of the efforts of AmeriPro, I would affirm the judgment of the trial court.