NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1570
_____

IRECYCLENOW.COM,

Appellant

v.

STARR INDEMNITY & LIABILITY COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-04452)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 8, 2016

Before:  FISHER, KRAUSE and GREENBERG, *Circuit Judges*.

(Filed:  January 9, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, *Circuit Judge*.

iRecycleNow.com appeals the District Court's dismissal with prejudice of its amended complaint alleging a claim of unjust enrichment against Starr Indemnity & Liability Company.  We will affirm.

I.

Starr, an insurance company, entered into an administrative services agreement with Global Warranty Group, LLC.  Under the agreement, Global would administer service contracts and/or insurance policies for consumer cell phones underwritten by Starr.  The agreement obligated Global to establish and maintain a checking account to facilitate the payment and disbursement of claims.  Starr was responsible for depositing money into the account sufficient to fund claims made under the service plans.  Global would adjust and settle valid claims, issuing payments from the account to individuals and vendors who provided repair and replacement work on the cell phones.  iRecycleNow was one of those vendors.  Global eventually went out of business, and Starr responded by filing suit against Global in New York state court, alleging that Global absconded with the funds Starr deposited in the account.

iRecycleNow did not join Starr's suit or bring its own action against Global.  Instead, iRecycleNow sued Starr in the District Court for the Eastern District of Pennsylvania, raising a single count of unjust enrichment under Pennsylvania law.  iRecycleNow's operative complaint asserts that it is owed $667,136.71 for warranty work

that it performed.  The District Court granted Starr's motion to dismiss,[1] holding that

iRecycleNow failed to allege facts sufficient to demonstrate that Starr's enrichment was

unjust.[2]  The court further concluded that leave to amend would be futile, and accordingly

dismissed the complaint with prejudice.[3]  iRecycleNow timely appealed.

## II.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332.  This Court

has jurisdiction under 28 U.S.C. § 1291.  Our review of the District Court's dismissal

under Federal Rule of Civil Procedure 12(b)(6) is plenary.[4]

## III.

iRecycleNow makes two arguments on appeal.  First, it contends that the District

Court applied a standard confined to cases involving the construction industry.  And

second, iRecycleNow says that, even under such a standard, its complaint passes muster.

To establish a claim for unjust enrichment under Pennsylvania law, a plaintiff

must allege facts demonstrating (1) a benefit conferred on the defendant by the plaintiff,

(2) appreciation of such benefit by the defendant, and (3) acceptance and retention of

such benefit under circumstances such that it would be inequitable for the defendant to

---

[1] App. 6-7.
[2] App. 7 n. 1.
[3] *Id.*
[4] *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 131 (3d Cir. 2016).

retain the benefit without payment to the plaintiff.[5] "The most significant element of the doctrine is whether the enrichment of the defendant is unjust; the doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff."[6] Rather, the plaintiff "must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for her to retain."[7] Under Pennsylvania law, a third party (Starr) that benefits from a contract between two other parties (iRecycleNow and Global[8]) is not unjustly enriched unless the third party requested the benefit or misled the plaintiff into performing the contract.[9] The District Court held that iRecycleNow failed to make this required showing, and we agree.

As an initial matter, we reject iRecycleNow's argument that the standard employed by the District Court is applicable only to the construction industry. Pennsylvania's approach to unjust enrichment claims brought against third parties is

---

[5] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 273 (3d Cir. 2010) (citing *AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. Ct. 2001)).

[6] *Id.* (quoting *AmeriPro Search*, 787 A.2d at 991).

[7] *Id.* (ellipsis and internal quotation marks omitted); *see Commonwealth ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005).

[8] iRecycleNow was not a party of the Starr-Global administrative services agreement. While iRecycleNow does not allege with whom it contracted for its services, to whom it sent invoices, and who was actually obligated to pay it for its services, the amended complaint indicates that iRecycleNow's only relationship was with Global, not Starr.

[9] *See D.A. Hill Co. v. CleveTrust Realty Inv'rs*, 573 A.2d 1005, 1010 (Pa. 1990); *Meehan v. Cheltenham Twp.*, 189 A.2d 593, 596 (Pa. 1963); *Ira G. Steffy & Son, Inc. v. Citizens Bank of Pa.*, 7 A.3d 278, 283-84 (Pa. Super. Ct. 2010); *Limbach Co. v. City of Philadelphia*, 905 A.2d 567, 577 (Pa. Commw. Ct. 2006).

rooted in section 110 of the *Restatement of Restitution*.[10]  Section 110 provides: "A person who has conferred a benefit upon another as the performance of a contract with a third person is not entitled to restitution from the other merely because of the failure of performance by the third person."[11]  Nothing in section 110 indicates that it applies solely to construction industry claims.  In our view, the present case is closely analogous to the circumstances section 110 seeks to address.  While Pennsylvania courts have most often applied section 110 to cases involving construction projects,[12] we do not read those decisions as being limited to that context.

We are likewise not persuaded by iRecycleNow's submission that its amended complaint pleads a facially plausible unjust enrichment claim.  iRecycleNow only alleges that Starr paid money into Global's claims-disbursement account, that Global was responsible for administering the account, and that iRecycleNow was paid from the account.[13]  The amended complaint contains not a word alleging that Starr requested a benefit from iRecycleNow or misled it in any way.  Absent such allegations, no claim for unjust enrichment can be maintained, and the District Court was correct to grant dismissal.

## IV.

For the foregoing reasons, we will affirm the District Court's order.

---

[10] *See Meehan*, 189 A.2d at 596.

[11] *Restatement of Restitution* § 110, p. 455 (1937).

[12] *See supra* note 9.

[13] Am. Compl. ¶¶ 15, 17, 23, App. 31, 32.