J-S29033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BARBARA ROSS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ESTATE OF HELEN F. ROBERTS, | : | No. 393 MDA 2023 |
| DECEASED | : | |

Appeal from the Order Entered February 8, 2023
In the Court of Common Pleas of Berks County Civil Division at No(s):
17-13294

BEFORE:   MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED SEPTEMBER 15, 2023**

Appellant, Barbara Ross (Plaintiff), appeals from the order of the Court of Common Pleas of Berks County (the trial court) that granted summary judgment against her and in favor of the defendant in an action that Plaintiff brought against Helen F. Roberts (Decedent) for breach of an implied contract and unjust enrichment.  For the reasons set forth below, we affirm the trial court's grant of summary judgment with respect to Plaintiff's implied contract claim and her unjust enrichment claim for services provided before June 5, 2013 and reverse its grant of summary judgment with respect to Plaintiff's unjust enrichment claim for payment for services provided on or after June 5, 2013.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Plaintiff commenced this action against Decedent by writ of summons on June 5, 2017 and filed a complaint on September 18, 2017. Docket Entries at 1. Because Decedent suffered from severe dementia, appointment of a guardian *ad litem* for Decedent was sought and the trial court appointed the agent under Decedent's financial power of attorney as guardian *ad litem* for Decedent in this action. Petition for Declaration of Incapacity and Appointment of Guardian *ad Litem* ¶¶5-6 & Exs. B & C; Koch Dep. at 96; Plaintiff Dep. at 28; Trial Court Order, 6/27/18. Following preliminary objections that the trial court sustained in part, Plaintiff filed an amended complaint that asserted that Decedent owed her $684,217 for home healthcare services that she provided Decedent from November 2005 to 2017 on the ground that there was a contract implied in fact between her and Decedent or, alternatively, on the theory of unjust enrichment. Docket Entries at 1-2; Amended Complaint ¶¶46-55.

In her amended complaint, Plaintiff alleged that she worked as a paid home healthcare aide for Decedent's close friend, Marjory Perfect, from 2000 until Ms. Perfect's death in 2005 and that she developed a relationship with Decedent while she was working for Ms. Perfect. Amended Complaint ¶¶10-12, 14. Plaintiff alleged that after Ms. Perfect's death, Decedent asked Plaintiff to assist her and Plaintiff began assisting Decedent. *Id.* ¶¶15-16. Plaintiff alleged that she showed Decedent a document listing payments that she received from Ms. Perfect, but admitted that she and Decedent never agreed

on any amount or hourly rate that she would be paid for assisting Decedent. *Id.* ¶¶17-18. Plaintiff alleged that she provided home healthcare services for Decedent from November 2005 to May 2017, working approximately 30 hours per week from 2006 through 2008 and 40 hours a week or more from 2009 through May 2017, but admitted that she kept no records of the amount of time that she spent assisting Decedent prior to 2016. *Id.* ¶¶20, 23-24, 26-28; Plaintiff Dep. at 19-29, 112-13.

Plaintiff alleged that the only payments that Decedent made to her prior to March 2017 were checks in the following amounts: one check for $100 in 2010, three checks totaling $700 in 2011, eight checks totaling $5,100 in 2012, five checks totaling $2,300 in 2013, a check for $20,000 and two other checks of $500 each in 2014, one check for $5,000 in 2016, and two checks totaling $14,000 in January 2017. Amended Complaint ¶¶30, 35, 39-40 & Exs. C, D, E, & F thereto. With the exception of one $500 check in May 2013 that has the notation "Services," none of these payments referred to any compensation for services, and most of the checks bore notations such as "Thank you," "Merry Christmas," or references to "kindness." *Id.* Exs. C, D, E, & F. Plaintiff admitted in discovery that she did not report any of the checks that she received prior to March 2017 as income on her taxes and that she viewed these payments as gifts. Plaintiff Dep. at 53-77, 118. Plaintiff alleged that Decedent's financial power of attorney agent paid her in March 2017 and May 2017 for home healthcare services that she provided to Decedent in 2017,

and Plaintiff reported those payments as income. Amended Complaint ¶¶41-43 & Exs. G & H thereto; Plaintiff Dep. at 67-69, 112; Koch Dep. at 33-34, 66-67, 91-93.

Decedent's guardian *ad litem* filed an answer and new matter to Plaintiff's amended complaint denying that Decedent agreed to pay Plaintiff for assisting her or had any obligation to pay Plaintiff for any assistance provided by Plaintiff prior to 2017 and raising the defense of the statute of limitations. Defendant's Amended Answer and New Matter ¶¶17, 20, 28, 44, 46, 51, 65. Decedent died on May 5, 2020, and her estate (Decedent's Estate) was substituted as the defendant. Suggestion of Death; Trial Court Order, 6/8/22.

On October 17, 2022, following discovery, Decedent's Estate filed a motion for summary judgment asserting that all of Plaintiff's claims for payment for services prior to June 5, 2013 were barred by the applicable four-year statute of limitations, 42 Pa.C.S. § 5525, and that Plaintiff's admissions, deposition testimony, and discovery responses established that Plaintiff could not prove her claims. Defendant's Motion for Summary Judgment ¶¶10-39. Plaintiff filed a response to the motion for summary judgment submitting an affidavit concerning her claims and arguing that her deposition testimony and affidavit were sufficient to support her implied contract and unjust enrichment claims. Plaintiff's Response to Defendant's Motion for Summary Judgment ¶¶37, 39; Plaintiff's Brief in Opposition to Summary Judgment at 14-18.

Plaintiff also argued that her pre-June 5, 2013 claims were not barred by the statute of limitations because her alleged contract with Decedent was a continuing contract and because the January 2017 payments of a total of $14,000 allegedly tolled the statute of limitations. Plaintiff's Brief in Opposition to Summary Judgment at 18-20.[1]

On February 8, 2023, the trial court entered an order granting Decedent's Estate's motion for summary judgment and dismissing Plaintiff's action with prejudice. Trial Court Order, 2/8/23. This timely appeal followed. Plaintiff raises the following issue in this appeal:

> Did the Trial Court err by entering summary judgment and dismissing the case where [Plaintiff]'s testimony about the existence of an agreement between [Plaintiff] and [Decedent] created a genuine issue of material fact, and the weight of [Plaintiff]'s testimony and her credibility are for the factfinder to determine?

Appellant's Amended Brief at 4.

Our standard of review of the trial court's grant of summary judgment is *de novo* and our scope of review is plenary. **Pyeritz v. Commonwealth**, 32 A.3d 687, 692 (Pa. 2011); **American Southern Insurance Co. v.**

---

[1] Decedent's Estate's motion for summary judgment also asserted that the Dead Man's Act, 42 Pa.C.S. § 5930, barred Plaintiff's testimony and Plaintiff in response argued that the Dead Man's Act was waived because Decedent's counsel took Plaintiff's deposition and Decedent's Estate used it in its summary judgment motion. Defendant's Motion for Summary Judgment ¶40; Plaintiff's Brief in Opposition to Summary Judgment at 8-12. The trial court did not rule on this issue, Trial Court Opinion at 9, and Decedent's Estate does not argue that the Dead Man's Act bars consideration of Plaintiff's testimony in this appeal. We therefore do not address that issue.

*Halbert*, 203 A.3d 223, 226 (Pa. Super. 2019). Summary judgment is properly granted in favor of a defendant where the material facts are undisputed and the defendant is entitled to judgment as a matter of law on those facts or where, after discovery, the plaintiff has failed to produce evidence sufficient to prove all elements of her cause of action. Pa.R.C.P. 1035.2; *Criswell v. Atlantic Richfield Co.*, 115 A.3d 906, 909 (Pa. Super. 2015); *Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 563 (Pa. Super. 2014). In determining whether there is a genuine dispute of material fact that precludes summary judgment or whether the plaintiff has produced sufficient evidence to support a cause of action, we must view the record in the light most favorable to the non-movant plaintiff and all doubts as to the existence of a genuine issue of material fact must be resolved against the defendant. *Criswell*, 115 A.3d at 908-09; *Krauss*, 104 A.3d at 563; *Petrina v. Allied Glove Corp.*, 46 A.3d 795, 798 (Pa. Super. 2012). An inference of fact that amounts merely to a guess or conjecture, however, is insufficient to defeat summary judgment. *Kornfiend v. New Werner Holding Co.*, 241 A.3d 1212, 1217-18 (Pa. Super. 2020), *aff'd*, 280 A.3d 918 (Pa. 2022); *Krauss*, 104 A.3d at 568.

The trial court granted summary judgment on the ground that Plaintiff failed to produce evidence sufficient to prove the elements of her implied contract and unjust enrichment causes of action. Trial Court Opinion at 7-9. We agree that Plaintiff's admissions established that summary judgment on

Plaintiff's implied contract claim was proper on this ground, but conclude that the trial court erred in granting summary judgment on this basis on Plaintiff's unjust enrichment claim.

To prove a cause of action for breach of a contract implied in fact, the plaintiff must show an agreement by the parties to the terms of the contract that she seeks to enforce. *Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 983 A.2d 652, 659 (Pa. 2009); *AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. 2001). "A contract implied in fact is an actual contract which arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from acts in the light of the surrounding circumstances." *Liss & Marion, P.C.*, 983 A.2d at 659 (quoting *Elias v. Elias*, 237 A.2d 215 (Pa. 1968)). Agreement on the price to be paid for products or services can be inferred from a history of payment of bills that the other party has submitted. *Liss & Marion, P.C.*, 983 A.2d at 659. No cause of action for breach of a contract implied in fact exists, however, where there is no agreement to the fee for the services that are to be provided and there is no evidence of conduct from which such an agreement can be inferred. *AmeriPro Search, Inc.*, 787 A.2d at 991.

Here, Plaintiff's admissions showed that she could not prove an agreement between her and Decedent. Plaintiff admitted in her complaint that Decedent never agreed to any hourly rate or amount that would be paid

for Plaintiff's services.  Amended Complaint ¶17.  This factual averment is a judicial admission that is binding on Plaintiff in this action.  ***Estate of Sacchetti v. Sacchetti***, 128 A.3d 273, 283 (Pa. Super. 2015).  Plaintiff's admissions also show that there is no history of payment by Decedent from which an hourly rate or an agreement to pay Plaintiff can be inferred.  To the contrary, Plaintiff avers that Decedent did not pay her an hourly rate for her services and that Decedent paid her nothing at all for more than four years.  Amended Complaint ¶¶20, 30.

In contrast, Plaintiff's admissions do not bar a cause of action for unjust enrichment and her evidence is sufficient to support that claim.  To prove a cause of action for unjust enrichment, the plaintiff must demonstrate: (1) that she conferred benefits on the defendant; (2) that there was an appreciation of such benefits by defendant; and (3) that the defendant accepted and retained the benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.  ***Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.***, 179 A.3d 1093, 1102 (Pa. 2018); ***Milby v. Pote***, 189 A.3d 1065, 1087 (Pa. Super. 2018); ***AmeriPro Search, Inc.***, 787 A.2d at 991.  The mere fact that the plaintiff provided unpaid services to the defendant that benefited the defendant by itself is insufficient to prove an unjust enrichment claim.  ***AmeriPro Search, Inc.***, 787 A.2d at 991; ***Mitchell v. Moore***, 729 A.2d 1200, 1203-06 (Pa. Super. 1999).  Proof that the plaintiff provided

services to the defendant, that the defendant accepted those services with notice that the plaintiff expected to be paid, and that the defendant did not pay plaintiff, however, is sufficient to support a cause of action for unjust enrichment. *Melmark, Inc. v. Schutt*, 206 A.3d 1096, 1109-10 (Pa. 2019); *Commonwealth by Shapiro v. Golden Gate National Senior Care LLC*, 194 A.3d 1010, 1034 (Pa. 2018).

Plaintiff's evidence, if believed, was sufficient to show that she provided services to Decedent, that Decedent accepted those services and had reason to know that Plaintiff expected to be paid for those services, and that Decedent did not pay Plaintiff. Plaintiff testified in her deposition, consistent with her averments in her complaint, that she provided home healthcare services to Decedent and that Decedent wanted her to provide those services. Plaintiff Dep. at 84-87, 99-104, 123-24; Amended Complaint ¶¶15-16, 20-24, 26-27. In addition, Plaintiff both averred in her complaint and testified in her deposition that she told Decedent that she charged for those services. Plaintiff Dep. at 83-85, 98; Amended Complaint ¶18. While there was other evidence that Plaintiff's relationship with Decedent was a friendship and that the payments were gifts, Koch Dep. at 23-28, 56, 72-73, 86-88, 97-98; Plaintiff Dep. at 118; Amended Complaint Exs. C & F, and it could be inferred that Decedent had reason to believe Plaintiff was providing assistance gratuitously from the fact that Plaintiff continued providing the assistance for years without receiving any payment, Amended Complaint ¶¶23-24, 26-27, 30, these are

disputed facts and inferences which cannot be resolved against Plaintiff on summary judgment.

The fact that there are disputed issues of fact with respect to Plaintiff's unjust enrichment claim does not, however, require that the trial court's summary judgment on this claim be reversed in its entirety. Decedent's Estate also asserted in its summary judgment motion that Plaintiff's claims for services provided more than four years before she filed this action on June 5, 2017 were barred by the statute of limitations and Plaintiff addressed this issue in her opposition to the motion for summary judgment. Defendant's Motion for Summary Judgment ¶¶10-11; Plaintiff's Brief in Opposition to Summary Judgment at 18-20. Although the trial court did not rule on whether Plaintiff's pre-June 5, 2013 claims were barred by the statute of limitations, Trial Court Opinion at 9, we may affirm a trial court on grounds different than those on which it based its decision. **Livingston v. Greyhound Lines Inc.**, 208 A.3d 1122, 1135 n.8 (Pa. Super. 2019); **In re Estate of Rood**, 121 A.3d 1104, 1105 n.1 (Pa. Super. 2015).

Unjust enrichment actions are subject to a four-year statute of limitations. 42 Pa.C.S. § 5525(a)(4); **Sevast v. Kakouras**, 915 A.2d 1147, 1153 (Pa. 2007). This four-year limitation period begins to run as soon as the right to institute and maintain the suit arises, unless the plaintiff pleads and shows a basis for tolling the limitation period. **Sevast**, 915 A.2d at 1153; **Crouse v. Cyclops Industries**, 745 A.2d 606, 611 (Pa. 2000). Whether an

action is filed within the limitations period is a matter of law for the court to determine. **Sevast**, 915 A.2d at 1153.

Plaintiff pleaded in her complaint that Decedent was unjustly enriched when she provided the services and Decedent failed to pay for them. Amended Complaint ¶¶51-55. Plaintiff's right to institute suit for unjust enrichment therefore arose when Decedent received Plaintiff's services without compensating Plaintiff and her claims for services that she provided to Decedent more than four years before she brought this action are barred unless Plaintiff has shown a basis on which her right to sue did not arise at that time or the statute of limitations was tolled.

In response to defendant's summary judgment motion, Plaintiff argued that the statute of limitations did not bar her claims for payment for her pre-June 5, 2013 services because her claims were allegedly under a continuing contract and because the statute of limitations was allegedly tolled by the January 2017 checks that she received. Plaintiff's Brief in Opposition to Summary Judgment at 18-20. Neither of these claims has merit.

Where the parties have entered into a continuing contract, the statute of limitations does not begin to run until there is a breach of the contract or the contract is terminated. **Crispo v. Crispo**, 909 A.2d 308, 313 (Pa. Super. 2006); **S.T. Hudson Engineers, Inc. v. Camden Hotel Development Associates**, 747 A.2d 931, 934 (Pa. Super. 2000); **Thorpe v. Schoenbrun**, 195 A.2d 870, 872 (Pa. Super. 1963). A continuing contract is an agreement

which does not fix a time for payment or for termination of services, such as a contract for an extended period of interdependent and related professional services concerning treatment of a medical condition or handling of a lawsuit, or a contract, such as a postnuptial agreement, that imposes continuing obligations. **Crispo**, 909 A.2d at 315; **Thorpe**, 195 A.2d at 872-74. Plaintiff's unjust enrichment claim, however, is not a claim under a contract or agreement at all, let alone a claim under continuing contract. Rather, an unjust enrichment claim is not predicted on an agreement and exists because there is no enforceable contract between the parties. **Wilson v. Parker**, 227 A.3d 343, 353 (Pa. Super. 2020); **AmeriPro Search, Inc.**, 787 A.2d at 991; **see also Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.**, 179 A.3d at 1103 (focus of unjust enrichment claim is not on what the parties intended, but rather on whether a party has been unjustly enriched).

Plaintiff's argument that the January 2017 checks tolled the statute of limitations likewise fails. A clear, distinct, and unequivocal acknowledgement of a debt as an existing obligation can toll or waive the statute of limitations. **K.A.R. v. T.G.L.**, 107 A.3d 770, 781 (Pa. Super. 2014); **Crispo**, 909 A.2d at 313; **Huntingdon Finance Corp. v. Newtown Artesian Water Co.**, 659 A.2d 1052, 1054 (Pa. Super. 1995). A payment or other acknowledgement, however, can toll or waive the statute of limitations only where it shows an unequivocal commitment to pay the full debt. **K.A.R.**, 107 A.3d at 781–82;

***Huntingdon Finance Corp.***, 659 A.2d at 1054; ***Gurenlian v. Gurenlian***, 595 A.2d 145, 151 (Pa. Super. 1991).

> There must … be no uncertainty either in the acknowledgement or in the identification of the debt; and the acknowledgement must be plainly referable to the very debt upon which the action is based; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. A simple declaration of an intention to discharge an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise.

***Huntingdon Finance Corp.***, 659 A.2d at 1054 (quoting ***Gurenlian***).

Plaintiff's evidence concerning the January 2017 payments, viewed the in the light most favorable to Plaintiff and resolving all doubts in her favor, falls woefully short of showing a clear and unequivocal acknowledgement that Decedent owed Plaintiff compensation for all of her past services or for services provided before June 2013. In her complaint, deposition, and affidavit, Plaintiff averred and testified that Decedent's financial power of attorney agent told her with respect to the January 2017 checks that he would "try" to pay her for past services and "wanted to have [Decedent] start paying" for Plaintiff's past services and that he told her that the payments would be by gift checks. Amended Complaint ¶¶37-40; Plaintiff Dep. at 110-11; Plaintiff's Affidavit ¶¶37, 39. None of these statements is an unequivocal commitment to pay for Plaintiff's past services or even references the amount that Plaintiff claims for these services or concedes that Decedent owed the amount that Plaintiff claims. The January 2017 payments were therefore not

a sufficient acknowledgement to toll or waive the statute of limitations. ***K.A.R.***, 107 A.3d at 781–82; ***Huntingdon Finance Corp.***, 659 A.2d at 1054-55.

Because the trial court correctly concluded that Plaintiff could not prove a contract implied in fact between her and Decedent, we affirm its grant of summary judgment on Plaintiff's implied contract claim. As explained above, while the trial court erred in holding that there were no genuine issues of fact as to whether Plaintiff could prove a cause of action for unjust enrichment, the undisputed facts show that her unjust enrichment claim for services that she provided to Decedent before June 5, 2013 is barred by the statute of limitations. We accordingly affirm the trial court's summary judgment as to Plaintiff's unjust enrichment claim for her pre-June 5, 2013 services to Decedent, reverse its grant of summary judgment with respect to Plaintiff's unjust enrichment claim insofar as it seeks to recover for services provided by Plaintiff on or after June 5, 2013, and remand this case to the trial court for further proceedings limited to Plaintiff's unjust enrichment claim for services that she provided to Decedent on or after June 5, 2013.

Order affirmed in part and reversed in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>09/15/2023</u>