**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-1090

———————

CHRISTINA LEMONS,
                                        Appellant

v.

GAREN MEGUERIAN, Esquire;
STEFAN P. KRUSZEWSKI, M.D.

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-21-cv-01737)
District Judge:  Honorable Juan R. Sanchez

———————

Submitted under Third Circuit L.A.R. 34.1(a)
on November 1, 2023

Before: JORDAN, ROTH and AMBRO, <u>Circuit Judges</u>

(Opinion filed: March 28, 2024)

———————

OPINION[*]

———————

ROTH, <u>Circuit Judge</u>

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Christina Lemons sued Garen Megurian and Stefan Kruszewski. The District Court twice granted her leave to amend her complaint but ultimately dismissed it with prejudice because she failed to state a claim upon which relief could be granted. We will affirm.

## I.    Facts and Procedural History

We accept as true the well-pleaded allegations in the second amended complaint, including those in the exhibits attached to it. In 2010, Kruszewski—represented by Megurian—filed a qui tam action under seal claiming Reckitt Beckhiser Pharmaceuticals (RB) improperly marketed Suboxone. From 2012 to 2013, three other relators filed similar suits (also under seal) against RB.

Megurian met Lemons, a then-employee of RB, in early 2014. Lemons told Megurian about being harassed at work and shared concerns about RB's off-label marketing of Suboxone. Megurian advised that a whistleblower claim related to the latter would be "far more lucrative" than any employment claim she could file against RB.[1] Later that year, Lemons was constructively discharged from RB. Megurian again advised her to file a qui tam suit and in December 2014, she heeded his advice.[2] Lemons was apparently unaware that she was fifth to file until June 2015. To the contrary, she says that at the time she filed her case, Kruszewski and Megurian led her to believe she was second only to Kruszewski.

_____

[1] Appx063 ¶ 92.

[2] Though Lemons filed her suit based on Megurian's advice, she hired another attorney to represent her.

2

In 2019, RB settled these five and other related qui tam actions for approximately $700 million. While Lemons does not know what the other relators were paid, she thinks Kruszewski got the most—roughly $40 million—because he filed first. By contrast, she received "a confidential and relatively paltry sum"[3] that she believes "was not even [] 1% of Kruzewski's recovery[.]"[4]

Lemons claims Kruszewski and Megurian intentionally and negligently misrepresented that she would recover "substantial compensation" by filing a qui tam action against RB.[5] While she does not allege they dangled a specific dollar amount, Lemons claims they promised her "sufficient money to change her life"[6] and enough "that the risk of unemployability would be one worth taking"[7] for someone "who otherwise drew a mid-six figure salary."[8] She also claims they intentionally failed to disclose her status in the relator pecking order. Separately, she claims Megurian breached his fiduciary duty to her, and Kruszewski either breached certain "unwritten contracts"[9] or was unjustly enriched. Lemons contends that all of Megurian and Kruszewski's misrepresentations,

---

[3] Appx094 ¶ 286

[4] Appx094 ¶¶ 288. Lemons maintains that "[b]ecause of the confidentiality surrounding the sharing agreements with her co-Relators, [she] cannot disclose" exactly how much she received from the settlement. Appellant's Br. at 49 (citing Appx078 ¶ 196).

[5] Appx083 ¶ 225.

[6] Appx066 ¶ 117.

[7] Appx058 ¶ 56.

[8] Appx084 ¶ 228.

[9] See Appx092-93 ¶¶ 271-75 (alleging Kruszewski and Lemons entered into two unwritten contracts, one in 2014 and one in 2019); Appx093 ¶ 279, Appx094 ¶¶ 282-84 (alleging Kruzewski breached his duty of good faith and fair dealing by "failing to treat Lemons fairly when dividing the Relators' share of the recovery" and by failing to pay her "out of his own share of the recovery").

omissions, and breaches were aimed at inducing her to file a claim, as she possessed important information that would benefit Kruszewski's qui tam action and therefore increase Kruszewski and Megurian's own likelihood of success. Overall, Lemons alleges two injuries: (1) a lower-than-anticipated recovery from the qui tam suit and (2) "industry-wide stigma"[10] and unemployability following the unsealing of her case in August 2018.[11]

The District Court dismissed Lemons' complaint because she failed to plead the alleged misrepresentations, omissions, fiduciary duty, and unwritten contract with sufficient specificity. The District Court also dismissed her amended complaint. Though Lemons added some new facts, she still failed to plausibly allege "any causal link" between Defendants' actions and her injuries or a binding contract between her and Kruszewski.[12] Moreover, because the other qui tam actions were under seal and "legally non-disclosable" when Lemons filed her suit in 2014, neither Megurian nor Kruzewski had a duty to tell her about them.[13] After giving her one final leave to amend and concluding that she failed to cure any of the previously identified deficiencies, the District Court dismissed her second amended complaint with prejudice. Lemons appealed.

---

[10] Appx083 ¶ 223.

[11] While Lemons does not specify exactly when her qui tam case was unsealed, she does not dispute that the District Court properly considered this date in its order dismissing her second amended complaint. *See* Appx007 n.1 (noting Lemons was terminated from Tris Pharma in April 2020, "almost 20 months after the qui tam action was unsealed"). We conclude that the District Court properly took judicial notice of the date Lemons' qui tam case was unsealed as a matter of public record. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (holding a court may "properly" resolve a 12(b)(6) motion by "look[ing] at public records, including judicial proceedings, in addition to the allegations in the complaint.").

[12] Appx016.

[13] Appx017.

4

## II. Discussion

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's dismissal is plenary.[14]

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[15] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[17] Pleading facts that are "merely consistent" with liability "stops short of the line between possibility and plausibility of entitlement to relief."[18]

Here, Lemons argues only that the District Court erred in dismissing her second amended complaint with prejudice because her claims were adequately pleaded. We disagree. We conclude that the District Court correctly dismissed all six of Lemons' claims with prejudice.

### A. The District Court correctly dismissed Lemons' intentional misrepresentation, negligent misrepresentation, and breach of fiduciary duty claims (Counts I, III, and IV).

---

[14] *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010).

[15] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[16] *Id.*

[17] *Id.* (cleaned up) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and *Iqbal*, 556 U.S. at 678).

[18] *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Lemons asserts intentional and negligent misrepresentation claims against Megurian and Kruszewski and a breach of fiduciary duty claim against Megurian. "Proximate cause is an element of each of these claims," so without it, all three fail.[19]

Proximate cause is lacking here because Lemons does not plausibly allege Megurian and Kruzewski caused her injuries. Her first alleged injury, that she recovered less than she anticipated from her qui tam suit, was not caused by Megurian and Kruszewski. As the District Court observed, Lemons would not have recovered anything **but for** their actions. Nor can Lemons' second alleged injury, "stigmatization" and "unemployability," be plausibly linked to Megurian and Kruszewski.[20] Lemons claims that, after her case was unsealed in August 2018, she was "unable to find comparable work for over two years" despite interviewing for over twenty jobs.[21] She attaches a list of the jobs she applied for, including notes regarding the outcome of each application, as an exhibit to her second amended complaint. She claims her inability to obtain employment "was directly caused by her participation in [q]ui [t]am [l]itigation against [RB]," which presumably she would not have participated in but for Megurian and Kruszewski.[22] The exhibit tells a different story. It shows Lemons "was terminated" from Tris Pharma in April 2020 (over a year and a half after her case was unsealed) and

---

[19] *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 445 (3d Cir. 2000) (affirming dismissal of fraudulent inducement, negligent misrepresentation, and "special duty" claims under Pennsylvania law because of inadequately pleaded proximate cause). The District Court properly concluded, and the parties do not dispute, that Pennsylvania law applies.

[20] *See* Appx084 ¶ 229; Appx090 ¶ 261; Appx091 ¶ 268.

[21] Appx079 ¶ 201.

[22] Appx080 ¶ 204.

6

that she only applied to one job in the year that followed (a year that was also marred by COVID-19 and its attendant impact on hiring).[23]  Nothing in the exhibit, nor the complaint, indicates that any of her prospective employers even so much as mentioned Lemons' qui tam suit, let alone intimated that they were declining to hire her because of it.  Her employment woes are at best possibly linked to her whistleblowing and are in no way plausibly linked to actions taken by Megurian and Kruszewski.  The District Court therefore correctly dismissed these three claims.

**B.  The District Court correctly dismissed Lemons' fraudulent concealment claim (Count II).**

Lemons also asserts a fraudulent concealment claim against Megurian and Kruszewski.  A party may be held liable for fraudulent concealment only if they have "an independent duty to disclose the omitted information."[24]

Here, Lemons alleges Megurian and Kruszewski should have told her that three other relators had filed qui tam suits before she filed her own in December 2014.  In December 2014, those suits remained under seal.  Therefore, the operative "omitted information"[25]—the existence of related qui tam suits filed under seal—was "legally non-disclosable"[26] at the time Lemons complains of nondisclosure.  As the District Court

---

[23] Appx114.

[24] *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 612 (3d Cir. 1995) (quoting *Estate of Evasew v. Evasew*, 584 A.2d 910, 913 (Pa. 1990)).

[25] *Id.*

[26] Appx017; *see also* 31 U.S.C. § 3730(b)(2) (explaining that whistleblower complaints "shall be filed in camera [and] shall remain under seal . . .") *and* Appx071 ¶ 155 (showing government only shared complaints and allowed contact between relators in May 2017).

explained, a party "cannot be duty-bound to disclose" legally non-disclosable information.[27]  Because neither Megurian nor Kruszewski had a duty to disclose the existence of the other qui tam suits, they cannot be held liable for fraudulently concealing them.  The District Court therefore properly dismissed this claim.

### C. The District Court correctly dismissed Lemons' breach of contract and unjust enrichment claims (Counts V and VI).

Finally, Lemons asserts a breach of contract claim (and in the alternative, an unjust enrichment claim) against Kruszewski.[28]  To plead breach of contract, a party must establish the existence of an enforceable contract and its essential terms "such as time or manner of performance, price to be paid, [and] the like."[29]  "If the essential terms of the agreement are so uncertain that there is no basis for determining whether the agreement has been kept or broken, there is not an enforceable contract."[30]

Though Lemons does not dispute that she never met or spoke Kruszewski, she nonetheless alleges they entered into two "unwritten contracts."[31]  Under the first alleged contract formed in 2014, Lemons agreed to file a whistleblower claim against RB; in

---

[27] Appx017.

[28] *See* Appx095 ¶¶ 295-96 (pleading Count V "in the alternative . . . [t]o the extent that it is determined there were not valid contracts between Lemons and Kruszewski").  As a matter of law, "the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relation between parties is founded on a written agreement or express contract." *Benefit Tr. Life Ins. Co. v. Union Nat. Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d. Cir. 1985) (quoting *Schott v. Westinghouse Elec. Corp.*, 259 A.2d 443, 448 (Pa. 1969)) (alteration in original).

[29] *Lombardo v. Gasparini Excavating Co.*, 123 A.2d 663, 666 (Pa. 1956).

[30] *Linnet v. Hitchcock*, 471 A.2d 537, 540 (Pa. Super. Ct. 1984) (citing Restatement (Second) of Contracts § 33, comments a, b).

[31] Appx092 ¶ 271.

return, Kruszewski would support her bid for a "seat at the bargaining table" when the qui tam litigation eventually settled.[32]  Under the second alleged contract formed in 2019, Kruszewski agreed that if Lemons was denied a "decision-making seat at the [settlement] bargaining table,"[33] he would pay her  "handsomely"[34] from his personal share of the proceeds so long as she kept quiet about his role in recruiting her to join whistleblower action and his disclosure of related confidential information.

We agree with the District Court that uncertainty plagues and is fatal to this breach of contract claim.  We cannot determine whether either alleged contract was kept or broken without more information about essential terms such as what the "seat at the bargaining table"[35] Kruszewski promised Lemons in 2014 was supposed to look like, or exactly how "handsome[]" her separate 2019 payout was supposed to be.[36]  Having failed to establish the existence of enforceable contracts, Lemons' breach of contract claim fails, and the District Court properly dismissed it.

Lemons' unjust enrichment claim fares no better.  A successful claim for unjust enrichment consists of  three elements: "(1) benefits conferred on a defendant by a plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to

---

[32] Appx092 ¶ 274.
[33] Appx092 ¶ 275.
[34] Appx081 ¶ 210.
[35] Appx092 ¶ 275.
[36] Appx081 ¶ 210.

retain [them] without payment of value."[37] The third element is the "most significant."[38] It is not enough that the defendant "may have benefitted" at the hands of plaintiff; rather, the defendant must have "either wrongfully secured or passively received a benefit that . . . would be unconscionable for [him] to retain."[39]

Lemons may well have conferred a benefit on Kruszewski by choosing to file her qui tam action in 2014. As the District Court observed, Lemons' "involvement may have increased the overall value of the settlement," and with that, Kruszewski's share of the settlement proceeds.[40] Even so, nothing in the second amended complaint suggests that it would be "unconscionable" for Kruszewski not to cut Lemons an additional slice from his share. Therefore, the District Court properly dismissed her unjust enrichment claim.

Leave to amend should be "freely give[n]."[41] The District Court did just that, twice, to no avail. If Lemons could have adequately pleaded facts to support her six claims, she would have already done so.[42] Allowing Lemons another bite at the apple "would be futile." [43] Thus, we conclude that the District Court correctly dismissed all six of her claims with prejudice.

---

[37] *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 180 (3d Cir. 2008) (quoting *Limbach Co. LLC v. City of Philadelphia*, 905 A.2d 576, 575 (Pa. Commw. Ct. 2006)).
[38] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 273 (3d Cir. 2010) (citing *AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. Ct. 2001)).
[39] *Id*. (citations omitted).
[40] Appx037.
[41] Fed. R. Civ. P. 15(a).
[42] *U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).
[43] *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. Conclusion

For these reasons, we will affirm the District Court's order, dismissing the second amended complaint with prejudice.